IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 25-MJ-2566 |
| | ) | |
| **JAROL WILBERTO ARROYO-CERIN,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' BRIEF IN SUPPORT OF DETENTION**

Defendant Jarol Wilberto Arroyo-Cerin is charged with Conspiracy to Violate 1324 in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). On June 27, 2005, the United States moved to detain the Defendant, and moved for a detention hearing, which has been set for Wednesday, July 2, 2025. In advance of that hearing, the United States files this brief in support of detention, and respectfully requests that the Defendant be detained pending trial in this matter.

**I.      BACKGROUND**

On June 25, 2025, the Defendant was arrested on a complaint which charges the Defendant with Conspiracy in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Doc. 1. The Defendant appeared for his initial appearance on June 27, 2025, at which time the Government requested a detention hearing. Following that appearance, this Court scheduled a preliminary hearing and detention hearing in this matter for July 2, 2025.

## II. LAW REGARDING PRE-TRIAL DETENTION

Pursuant to the Bail Reform Act, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). At such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear and convincing evidence. *United States v. Cisneros*, 328 F.3d 610, 616; 18 U.S.C. § 3142(f). To determine whether there are conditions which can assure the defendant's appearance at trial and the safety of the community, the Court must consider:

(1) the nature and circumstances of the offense charged;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance a court proceedings; and
    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by release.

*Cisneros*, 328 F.3d at 617 (citing 18 U.S.C. § 3142(g)) (emphasis added).

If the Court finds that either standard is satisfied, it "shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e)(1); *see also United States v. Gonzalez-Sierra*, 2021 WL 6050385, *1 (D.N.M. Dec. 21, 2021) (unpublished). A detention order must include "written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1); *see also* Fed. R. App. P. 9(a)(1); *Cisneros*, 328 F.3d at 617.

## III. ANALYSIS

The defendant is a danger to the community, and he is also a flight risk. As such, there are no conditions, nor a combination of conditions, that will adequately ensure the safety of the community, and the presence of the defendant as required. *See* 18 U.S.C. § 3142(g). Various factors from § 3142 counsel against releasing Defendant from custody prior to trial.

### A. Nature and circumstances of the offense and the danger to any person or the community posed by the defendant's release.

Both the first factor, the nature and circumstances of the offense charged, and the fourth factor, the danger to any person or the community posed by Defendant's release, weigh heavily in favor of pretrial detention. The Defendant is charged with Conspiracy in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). This charge is a serious offense as reflected by the maximum statutory penalty of 10 years. *Id*.

Here, the Defendant admitted in his post-*Miranda* statement that he knowingly transported illegal aliens. Doc 1. At 2. Not only this, the Defendant admitted that he was the one who instructed the illegal aliens to get into the void *underneath* the flatbed of his trailer.[1] *Id*. Additionally, the Defendant admitted this was his sixth time transporting illegal aliens, presumably in the same manner. *Id*. A material witness stated they were very upset, uncomfortable, and felt unsafe inside the compartment as they were in fear for their life. *Id* at 3.

For these reasons, this factor weighs heavily against the release of the defendant as a danger to the community.

---

[1] To this motion the Government has attached an exhibit with photos of the compartments in which the aliens were being smuggled.

B.     **The weight of the evidence.**

The weight of the evidence is significant. As the Court is aware from the facts contained in the criminal complaint, the Defendant admitted in a post-*Miranda* interview to knowingly transporting thirteen illegal aliens, including an unaccompanied minor. Doc 1. At 2. Additionally, material witnesses state, the Defendant was the one who advised them to get inside the vehicle, including inside a compartment under the trailer, with 2x4 boards and a rubber mat as the floor. *Id*.

With his exposure to a lengthy prison sentence – including enhancements for number of aliens, smuggling an unaccompanied minor, and the offense involving the Defendant intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person – the Defendant has a strong incentive to abscond if released on conditions in this case. For these reasons, this factor weighs heavily against the release of the defendant as both a danger to the community and a risk of non-appearance.

C.     **Defendant's history and characteristics.**

The third factor, the history and characteristics of the person, also weigh in favor of detention. The Defendant, a resident of Maryland, does not have any ties to the District of New Mexico. Additionally, Pretrial Services was unable to identify a third-party custodian.

The Government is also concerned about the defendant's repeated cooperation with an international smuggling organization and his ties to a foreign country. For these reasons, this factor weighs against the release of the defendant as a risk of non-appearance.

D.     **The nature and seriousness of the danger to any person or the community posed by the defendant's release.**

As alleged in the criminal complaint, and as will be supported by witness testimony, the

4

Defendant admitted to knowingly transporting illegal aliens under the flatbed of his trailer in and on haphazardly construed compartments. Doc. 1 at 2. He intended to transport the aliens in this position from El Paso, Texas, to Albuquerque, New Mexico – via New Mexico State Road 26 – a journey of over 300 miles, on highways with speed limits of over 70 miles per hour. *Id*. The Defendant placed twelve aliens, including an unaccompanied minor, in a situation which intentionally or recklessly created a substantial risk of death or serious bodily injury. By his own admission, this was not his first time doing so.

Thus, no conditions of release would reasonably assure the safety of the community.

## IV. CONCLUSION

The defendant should be detained pending trial because there are no conditions that will reasonably assure the safety of the community and his appearance at future court proceedings.

**WHEREFORE**, the United States respectfully requests that this honorable Court find the defendant is a flight risk and a danger to the community, that no conditions can reasonably assure the defendant's future appearance in Court, nor reasonably assure the safety of the community, and Order that the defendant be detained pending the resolution of this case.

Respectfully submitted,

RYAN ELLISON
United States Attorney

**/s/ *Electronically filed 7/1/2025***
ELIZABETH TONKIN
Special Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
Phone: (575) 323-5267
Elizabeth.Tonkin@usdoj.gov

I HEREBY CERTIFY that on July 1, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system which will send notification to all counsel of record.

***/s/ Electronically filed 7/1/2025***
ELIZABETH TONKIN
Special Assistant United States Attorney